IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:02cr151-WHA |
| | ) | (WO) |
| LEWIS MCKENZIE | ) | |

**ORDER**

This cause is before the court on the 18 U.S.C. § 3582(c)(2) Motion Seeking Modification of Sentence Due to Intervening Change in Sentencing Guidelines (Doc. # 139), filed by *pro se* Defendant Lewis McKenzie on April 23, 2009.[1]

Defendant's § 3582(c)(2) motion is based on Amendment 599 to the United States Sentencing Guidelines. Amendment 599 altered USSG §2K2.4, the Guideline applicable to use of a firearm, armor-piercing ammunition or explosive during the commission of certain other crimes. In relevant part, the amendment limited the circumstances under which courts could apply Guidelines weapons enhancements to Defendants separately convicted under 18 U.S.C. § 924(c), which imposes penalties for using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime. The Defendant contends that, in light of the

---

[1] Defendant also filed a Motion Seeking Correction of Record (Doc. # 142) on June 26, 2009. In that motion, Defendant clarified for the court that the § 3582(c)(2) motion presently before the court does not seek relief pursuant to Amendment 706 or 711 to the United States Sentencing Guidelines, but rather this motion concerns the application of Amendment 599. The court recognizes that this § 3582(c)(2) motion involves Amendment 599. Therefore, Defendant's Motion Seeking Correction of the Record is due to be DENIED as moot.

adoption of Amendment 599, his base offense level was improperly enhanced for using a firearm because the Defendant also received a consecutive sentence under 18 U.S.C. § 924(c) for using the same weapon.

The court finds that this motion is procedurally improper.  Section 3582(c)(2), upon which this motion is based, only permits a motion to modify when a sentencing range has "subsequently been lowered" by an amendment by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(2);  USSG. §1B1.10(a)(1); *United States v. Johnson*, 330 Fed. App'x 901, 902 (11th Cir. 2009); *United States v. Owens*, 325 Fed. App'x 765, 766 (11th Cir. 2009).  Amendment 599 became effective November 1, 2000, prior to Johnson's sentencing on July 15, 2003, not subsequently.  *See* USSG. App. C, Amendment 599.  Accordingly, the Defendant's motion is due to be DENIED.

If the court were to consider the merits of Defendant's motion, and review the presentence report to recalculate the range, the court would not only consider that specific objection, but would reconsider the entire process of calculating the Defendant's sentencing range.  If that were done, a recalculation of Defendant's sentence would not result in a lower sentencing range.[2]  Assuming Defendant is correct that his base offense level was improperly enhanced 4 levels pursuant to USSG §2K2.1(b)(5) in violation of Amendment 599, the elimination of this four-level enhancement would reduce his Adjusted Offense Level from 28 to 24 (Presentence Report # 23 and 25).  This, however, would not end a revised calculation.  Guidelines §2K2.4(c) provides that "[i]f the defendant (1) was convicted of violating section

---

[2] The 2002 edition of the Guidelines Manual, which was used during Defendant's original sentencing, would also be used during the recalculation of his sentence.

924(c) . . . of title 18, United States Code [as McKenzie was under Count 4]; and (2) as a result of that conviction (alone or in addition to another offense of conviction), is determined to be a career offender under §4B1.1 (Career Offender), the guidelines sentence shall be determined under §4B1.1(c) . . . ." The Defendant would properly be determined to be a Career Offender under §4B1.1, in the event of a recalculation, although that was not done in the original presentence report. The correct applicable guideline range under Count 4 under which McKenzie would be sentenced, then, would be 360 months to life, rather than 60 months consecutive to sentences under the other Counts. Sentencing the Defendant to that minimum, then, would result in a substantial increase from the total 337 months to which Defendant was actually sentenced.

 In sum, if the court were to consider the merits of Defendant's motion, which it does not because the motion is procedurally improper, the recalculation of Defendant's sentence would not result in a lower sentencing range. All other arguments for sentence modification are also without merit.

 It is hereby ORDERED as follows:

 1. The Defendant's Motion Seeking Modification of Sentence Due to Intervening Change in Sentencing Guidelines (Doc. # 139) is DENIED.

 2. The Defendant's Motion Seeking Correction of Record (Doc. # 142) is DENIED as moot.

Done this _16th day of December, 2009.

          /s/ W. Harold Albritton
          W. HAROLD ALBRITTON

SENIOR UNITED STATES DISTRICT JUDGE